United States District Court
Southern District of Texas
FILED
JAN - 5 2006
Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED
JAN - 9 2006
Michael N. Milby, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

CHARLES S. JOHNSON, JR., )
)
    Petitioner/Judgment Creditor )
)
v. )
)
LAJAT INTERNATIONAL INVESTMENTS, INC., )  Civil Case No. L-05-MC-6
)
    Respondent/Judgment Debtor. )
)
)
)
)

## MODIFICATION OF STIPULATION AND ORDER ENTERED ON OCTOBER 13, 2005

This matter being stipulated between Petitioner/Judgment Creditor, Charles S. Johnson, Jr. ("Johnson"), and Intervenor, General Electric Capital Corporation ("GE Capital"), the Court being fully advised, Johnson and GE Capital being in agreement and the Court being in concurrence,

IT IS HEREBY ORDERED THAT THIS COURT'S OCTOBER 13 STIPULATION AND ORDER IS MODIFED AS FOLLOWS:

1. GE Capital possesses a senior and perfected security interest in that certain Raytheon Beechjet 400A identified as serial number RK-280, aircraft registration number N4480W with two Pratt & Whitney JT15D-5 engines, bearing manufacturer's serial numbers PCEJA0328 and PCEJA0331 (the "Aircraft") and that certain Lease Agreement (as defined below).

2. GE Capital is the true and lawful holder of a promissory note secured by a Deed of Mortgage and Security Agreement (the "Original Security Agreement"), dated as of

September 8, 2000, between First Security Bank, National Association, as owner trustee, Lajat International Investments, Inc., as trustor (the "Trustor"), and Raytheon Aircraft Credit Corporation, as lender ("RACC"), as assigned by the FAA Assignment, dated September 8, 2000, between Raytheon Aircraft Credit Corporation and Raytheon Aircraft Receivables Corporation, as further assigned by the FAA Assignment, dated September 8, 2000, between Raytheon Aircraft Receivables Corporation and Bank of America, National Association, as administrative agent ("Bank of America"), recorded as a single instrument with the Federal Aviation Administration (the "FAA") on September 18, 2000, as conveyance no. II019710; as further assigned by the Assignment, dated February 7, 2001, by Bank of America to Debis Financial Services, Inc. ("DEBIS"), recorded with the FAA on May 1, 2001, as conveyance no. U076469; and as further assigned and amended by the Assignment, Assumption and Amendment Agreement, dated as of April 15, 2003, among DEBIS, as assignor, GE Capital, as assignee, Wells Fargo Bank, National Association, f/k/a First Security Bank, National Association, as owner trustee (the "Owner Trustee"), the Trustor, Maquiladora Y Confeccionadora de Ropa Lajat, S. de R.L. de C.V., as guarantor, and Kentucky Apparel, LLP, as lessee (the "Lessee"), recorded with the FAA on May 29, 2003, as conveyance no. U081594 (the Original Security Agreement, as so amended, the "Security Agreement"), granting a security interest in the Aircraft and that certain lease agreement more particularly described as follows:

> Operating Lease Agreement, dated as of September 8, 2000, (the "Lease") among the Owner Trustee, as lessor, the Lessee, as lessee, RACC, as lender and Lajat, as trustor, with the following documents attached: (i) Acceptance Certificate, dated September 8, 2000, executed by the LLP, as lessee; (ii) Assignment of Operating Lease, dated September 8, 2000, among FSB, as owner trustee, as assignor, RACC, as assignee, and Lajat, as trustor; and (iii) Notice and Acknowledgement of Assignment, dated as of September 8, 2000, among FSB, as owner trustee, as assignor, RACC, as assignee and the LLP, as lessee, recorded by the FAA as one instrument on September 18, 2000, and assigned conveyance number II019711

    which Lease Agreement was further assigned by that certain FAA Assignment,
dated December 7, 2000, between RACC, as assignor and debis, as assignee,
recorded by the FAA on May 1, 2005, and assigned conveyance number
U076470, and by the Security Agreement (collectively the "Lease Agreement").

3.   That Johnson holds a valid and inferior lien against the Aircraft, pursuant to that certain December 4, 2004 Judgment rendered in the Civil Case No. 04-CV 5897 (SAS), in the United States District Court for the Southern District of New York.

4.   That pursuant to the October 13 Stipulation, the parties agree that GE Capital's security interest in the Aircraft is senior to any interest held or possessed by Johnson.

5.   That on or before September 12, 2005, the Security Agreement was breached, resulting in occurrence of an Event of Default thereunder (as defined therein).

6.   That GE Capital, as secured creditor, is entitled to immediate possession of the Aircraft for the purpose of foreclosing its rights under the Security Agreement by virtue of repossessing the Aircraft and selling the Aircraft in a commercially reasonable manner and/or in a manner as otherwise prescribed by this Court.

7.   That the Aircraft shall be sold by virtue of a private sale for no less than $3.3 million (the "Purchase Price"). At or before the closing of any such private sale, the Purchase Price shall be placed in escrow under the terms of a written escrow agreement, acceptable to GE Capital, Johnson and any prospective purchaser of the Aircraft, and for distribution in accordance with the terms of this Court's order to wit:

    (a)  That GE Capital shall be entitled to receive sufficient funds to satisfy its lien as provided in this Court's October 13 Stipulation;

    (b)  That upon confirmation of the receipt of the Purchase Price by the escrow agent, GE Capital shall cause the immediate and simultaneous release for

filing with the FAA any and all documents necessary to convey clear title to Johnson;

(c) That upon confirmation of the receipt of the Purchase Price by the escrow agent, Johnson shall cause the immediate and simultaneous release for filing with the FAA any and all documents necessary to convey clear title to the purchaser of the Aircraft;

(c) That in accordance with this Court's October 13 Stipulation, Johnson, through Hughes Hubbard & Reed LLP, as his attorneys, shall be entitled to receive any surplus remaining after the satisfaction of GE Capital's lien; and

(d) That upon confirmation of the receipt of the Purchase Price by the escrow agent, Johnson shall cause the immediate and simultaneous release of his interest against the Aircraft.

8. That all necessary repairs, approved by Welsch Aviation, that have been done to make the Aircraft airworthy, as required, by this Court, are completed by the private sale and in accordance with the terms of an Escrow Agreement.

9. That this Court's October 13, 2005 Stipulation and Order shall remain in full force and effect expect to the extent modified herein.

10.  That the Court will retain jurisdiction to interpret and enforce this Stipulation, and any final disposition of the Aircraft.

Dated: December ___, 2005.

STIPULATED TO:

**Charles S. Johnson, Jr.**

By: *[signature: Alex Patton]*
    Its Attorneys

**General Electric Capital Corporation**

By: *[signature: Timothy S. Harris]*
    Its Attorneys

~~Entered:~~ So ORDERED
1/5/06

*[signature: George P. Kazen]*
United States District Judge